UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYANT J., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Case No. CV 19-07063-PJW <br><br> MEMORANDUM OPINION AND ORDER |

## I.
## INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying his application for Disability Insurance Benefits ("DIB"). He contends that the Administrative Law Judge ("ALJ") erred when he (1) determined that Plaintiff could perform the occupations identified by the vocational expert at step five; (2) failed to properly evaluate his subjective symptom testimony; and (3) failed to properly consider the lay witness evidence. For the reasons explained below, the ALJ's decision is reversed and the case is remanded to the Agency for further proceedings consistent with this opinion.

## II.

## SUMMARY OF PROCEEDINGS

In February 2017, Plaintiff applied for DIB, alleging that he had been disabled since August 6, 2006, due to severe PTSD, traumatic brain injury, orthopedic injury (hand), back injury, neurological injury (severe migraines), severe anxiety, depression, short term memory loss, long term memory loss, and chronic urticaria. (Administrative Record ("AR") 253-54, 325.) His application was denied and he requested and was granted a hearing before an ALJ. (AR 87-101, 129-30.) Following a hearing in November 2017, the ALJ issued a decision, finding that Plaintiff was not disabled. (AR 60-86, 105-13.) Plaintiff appealed to the Appeals Council, which found error in the ALJ's decision, vacated the decision, and remanded for further administrative proceedings.[1] (AR 118-21, 189-90.) Thereafter, a second hearing was held in January 2019 and the ALJ issued a decision finding that Plaintiff was not disabled. (AR 15-28, 34-59.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-6, 249-52.) This action followed.

## III.

## ANALYSIS

A. <u>Plaintiff's Testimony</u>

Plaintiff contends that the ALJ erred in rejecting his testimony. (Joint Stipulation ("JS") at 23-31.) For the following reasons, the Court agrees.

---

[1] The Appeals Council remanded for failure to address or weigh the medical source statement completed by Sue Tin, PMHNP-BL. (AR 119.)

At the first hearing in 2017, Plaintiff testified that he cannot work because he goes to medical appointments multiple times during the week for "PTSD and headaches and all that" and because of his injuries. (AR 68.) He stated that he stays at home "all the time," watching television or spending time in the backyard with his dog. (AR 72.) "Every once in a while," he goes to the movies with his girlfriend. (AR 74.) He had been walking on the beach for about a mile until a couple of months before. (AR 72.) The VA recently gave him a recumbent bike to ride, and he does Tai Chi every Friday. (AR 72-73.) He can go grocery shopping with his girlfriend, but then goes to sit down because he does not like shopping. (AR 74.) He does "a lot of events" with the Wounded Warrior Project, such as a soldier ride and a couples project Odyssey that "helps with couples and their relationships." (AR 74-75.) His girlfriend usually takes him to his appointments, but he sometimes goes by himself. (AR 82.) He can drive a car, pump gas, and check the oil and the tire pressure. (AR 82.) He can dress himself. (AR 82.)

At the second hearing in 2019, Plaintiff testified that he and his girlfriend broke up about a year before and he was staying with his brother and sister-in-law. (AR 37-38, 52.) He spends time at home "doing nothing." (AR 44.) He goes to medical appointments, does Tai Chi, and rides his recumbent bike. (AR 44.) He used to attend Wounded Warrior events, but he has not attended in a while. (AR 44.) He walks with his dog "a little bit." (AR 46.) He uses a cane when his back hurts, hip hurts, or when he gets light-headed. (AR 45.) He does not use the computer a lot; he sometimes gets frustrated "really quick" using it. (AR 50-51.) He uses a credit card and debit card, although he "always loses [his] debit card." (AR 52.) His ex-

1  girlfriend used to help him "a lot."  (AR 52.)  Without her, he misses
2  appointments because he cannot manage them.  (AR 52.)  He added that
3  he cannot work because he gets irritated with people, including his
4  own father when he was sick.  (AR 54.)

5      In a Function Report, Plaintiff stated that he "hate[s] being
6  around crowds, noises."  (AR 342.)  He described his daily activities
7  as taking medication, watching the news, showering, eating, relaxing
8  with his dog, browsing the internet, watching movies, and sleeping
9  late at night.  (AR 343.)  He can prepare snacks, do a little ironing,
10 make the bed, and sweep.  (AR 344.)  He also sits out on the porch,
11 takes short walks, and makes short visits to stores due to his back
12 issues, anxiety, temper and PTSD.  (AR 345.)  He spends time with his
13 girlfriend, attends Wounded Warrior events, and watches movies "all
14 the time," and has become "non social."  (AR 346-47.)

15     The ALJ discounted this testimony, concluding:  (1) Plaintiff's
16 subjective allegations "are not entirely consistent with the medical
17 evidence and other evidence in the record;" and (2) Plaintiff's
18 activities of daily living appear "compatible with the ability to
19 sustain the work activities within the confines of the [RFC]."  (AR
20 22-26.)  Generally speaking, these are valid reasons for questioning a
21 claimant's testimony.  *See Rollins v. Massanari*, 261 F.3d 853, 857
22 (9th Cir. 2001) (noting ALJ can consider objective medical evidence in
23 determining credibility of claimant); *Orn v. Astrue*, 495 F.3d 625, 639
24 (9th Cir. 2007) (holding ALJ can consider claimant's ability to
25 perform daily activities in assessing his credibility).  Here,
26 however, the ALJ erred in relying on these reasons.

27     According to the ALJ, Plaintiff's activities of daily living
28 appear compatible with the ability to work.  (AR 26.)  The ALJ noted

4

that despite Plaintiff's claims that he spends all day at home doing little, the record indicates that he has the ability to watch television, use the computer, watch YouTube, use social media, feed pets, shop in stores, do Tai Chi and ride a recumbent bike, take walks with his daughter, attend Wounded Warrior events (*e.g.*, dinners, games, and ski events), drive a car, and use a debit card. (AR 26, 44, 1508.) In addition, the ALJ noted that there is no indication that Plaintiff has relied upon anyone for his personal care since separating from his girlfriend. (AR 26.)

The ALJ's finding that Plaintiff's activities show he can work is not supported by substantial evidence. The ALJ failed to explain how the limited range of activity Plaintiff testified he could perform at home undermined his testimony, including his testimony that he spends all day at home doing little. *See Orn*, 495 F.3d at 639 ("The ALJ must make specific findings relating to the daily activities and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination") (internal quotation marks omitted).

Further, Plaintiff's limited activities outside the home, such as shopping in short spurts, taking walks, doing Tai Chi once a week, riding a recumbent bike with other injured Vets, and attending Wounded Warrior events that help him deal with his PTSD, only marginally suggest that he could do more than he claimed. *See Arthur v. Saul*, 2020 WL 1017906, at *8 (D. Nev. Feb. 14, 2020) ("The fact that [claimant] is able to walk his dog, swim once a week, and participate in Wounded Warrior and associated events does not mean [claimant] is able to perform full-time work and [claimant] should not be penalized for attempting to lead a normal life despite his PTSD diagnosis.")

1  (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).  For
2  one thing, Plaintiff appears to have performed these activities in
3  short intervals and not every day, which falls short of what is needed
4  to demonstrate the capacity to perform work on a sustained basis.  *See*
5  *Reddick*, 157 F.3d at 722 ("Only if [claimant's] level of activity were
6  inconsistent with [c]laimant's claimed limitations would these
7  activities have any bearing on [c]laimant's credibility.").  For
8  another, the Tai Chi, recumbent bike, and Wounded Warrior events were
9  part of his veteran's occupational therapy in a controlled environment
10 to explore alternate means of relaxation and movement.  (AR 1438-39,
11 1445, 1490.)  Further, to the extent the ALJ discounted Plaintiff's
12 testimony because he found "no indication that [Plaintiff] has relied
13 upon anyone for his personal care since separating from his
14 girlfriend," he mischaracterized the record.  *See Regennitter v.*
15 *Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999)
16 (finding that ALJ's reason for discounting testimony was "inaccurate"
17 where he mischaracterized Plaintiff's testimony underlying that
18 reason).  Although Plaintiff may not be able to rely on his ex-
19 girlfriend for help anymore, the record suggests that his ability to
20 function without her help has been diminished.  For example, Plaintiff
21 testified that he has problems managing his money and keeping his
22 medical appointments because his ex-girlfriend no longer helps him.
23 (AR 45-46, 52.)
24     The Agency argues that the ALJ is not required to equate
25 Plaintiff's daily activities to full-time work.  (JS at 33) (citing
26 *Chipman v. Berryhill*, 765 F. App'x 264, 265 (9th Cir. 2019) (mem.)
27 ("In relying on [claimant's] daily activities as grounds for
28 discounting her testimony, the ALJ was not required to find those

6

activities were comparable to activities performed during full-time working.")).  In *Chipman*, the Ninth Circuit explained that an ALJ "'may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting'" or "'to the extent that they contradict claims of a totally debilitating impairment,' even if 'those activities suggest some difficulty functioning.'" *Chipman*, 765 F. App'x at 265 (quoting *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012)).  Here, however, the ALJ did not show either that Plaintiff's daily activities were transferable to a work setting or that his activities contradicted his claims that he could not work due to his alleged impairments.  Therefore, the ALJ's decision to discount Plaintiff's testimony based on his daily activities is rejected.

The ALJ's remaining reason for discounting Plaintiff's subjective symptom testimony--that his allegations were inconsistent with the objective medical evidence--cannot by itself sustain the ALJ's conclusion as to Plaintiff's subjective symptom testimony.  *See Trevizo v. Berryhill*, 871 F.3d 664, 679 (9th Cir. 2017), *as amended* September 14, 2017 ("[A]n ALJ 'may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence.'") (citation omitted).

In sum, the ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's subjective symptom testimony.  Accordingly, remand is warranted on this issue.

B.  <u>Lay Witness Testimony</u>

Plaintiff contends that the ALJ erred in failing to provide germane reasons for rejecting the of Plaintiff's former girlfriend. (JS at 33-36.)  For the reasons stated below, the Court agrees.

An ALJ is required to consider lay witness "testimony," which includes not only live testimony at the administrative hearing but also written submissions, and may only reject it for reasons that are "germane" to the witness.  *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006).

Plaintiff's former girlfriend described him as having extreme back pain, short-term memory loss, extreme PTSD that makes it difficult for him to be around crowds, and severe migraines. (AR 334, 338.)  She described Plaintiff's PTSD as causing nightmares. (AR 335.)  She further explained that Plaintiff needs reminders of his appointments and other events and he does not prepare meals or pay bills due to forgetfulness. (AR 336-37.)  Plaintiff spends most of his time with her, watching television and attending Wounded Warrior events once a month. (AR 338.)  Plaintiff becomes easily irritated and anxious around others and has problems dealing with stress. (AR 339, 348.)  He generally keeps isolated. (AR 340.)

The ALJ discussed this testimony, but did not give any reasons for rejecting it. (AR 21-22.)  This was error.

The Agency acknowledges that the ALJ did not specifically reject the lay witness testimony, but points out that the ALJ noted it was similar to Plaintiff's testimony. (JS at 36.)  The Agency argues, therefore, that the ALJ applied the same rationale for rejecting Plaintiff's testimony to the lay witness testimony. (JS at 36.)  But the Court has remanded the issue of Plaintiff's testimony to the ALJ.

Thus, the Agency's argument that the Court should uphold the ALJ's rejection of the lay witness testimony for the same reasons it is upholding the rejection of Plaintiff's testimony necessarily fails. On remand, the ALJ should consider the lay witness testimony and, if applicable, provide germane reasons for discounting it.

### C. The ALJ's Finding at Step Five

Plaintiff contends that the ALJ also erred in determining that Plaintiff could work. (JS at 5-16.) In light of the fact that the Court is remanding for the reasons set forth above, the ALJ will have to reconsider this issue on remand.[2]

### IV.
### CONCLUSION

For the reasons set forth above, the Agency's decision is reversed and the action is remanded for further consideration consistent with this Memorandum Opinion and Order.

IT IS SO ORDERED.

DATED: August 19, 2020.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

O:\PJW\ECF Ready\Bryant J Memo Opinion (19-7063).wpd

---

[2] Plaintiff has requested that the case be remanded for an award of benefits. (JS at 37.) The Court recognizes that it has the authority to do so but finds that such relief is not warranted here because it is not clear that Plaintiff is disabled. See *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits.").